UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, Jr., | No.  2:22-cv-1672 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| POHOVICH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that officer used excessive force against him on two occasions.  Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and motion to be referred to the court's ADR (Alternative Dispute Resolution) Project (ECF No. 6).  For the reasons set forth below, the undersigned will deny the motion for ADR and recommend that the motion to proceed in forma pauperis be denied.

**MOTION FOR ADR**

Plaintiff filed a proposed order for the undersigned's signature seeking a referral to court's post-screening ADR pilot project.  (ECF No. 6.)  The undersigned has not yet screened plaintiff's complaint or determined whether the claims therein are cognizable.  Thus, defendants have not yet been served.  Additionally, as set forth below, the undersigned will recommend that plaintiff's motion to proceed in forma pauperis be denied.  Therefore, this action will not be screened at this

1

time and any request for referral to the court's ADR program is premature. Accordingly, plaintiff's request will be denied without prejudice.

## IN FORMA PAUPERIS

### I.     In Forma Pauperis Statute

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532, 535 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007) (brackets in original)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger or serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

### II.    Has Plaintiff Accrued Three Strikes

A review of actions filed by plaintiff reveals that plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he was at the time the complaint was filed, under imminent danger of serious physical injury. Many judges have previously found that plaintiff has accrued three strikes. See Driver v. IRS of Fresno, California, No. 1:22-cv-00118 AWI HBK, 2022 WL 2093728 (E.D. Cal. June 10, 2022), findings and recommendations adopted by 2022 WL 4123875 (E.D. Cal. Sept. 9, 2022); Driver v. Fresno US

2

Court, No. 1:22-cv-00623 DAD SKO, 2022 WL 2442746 (E.D. Cal. June 7, 2022), findings and recommendations adopted by, 2022 WL 2718556 (E.D. Cal. July 13, 2022); Driver v. Garry, No. 2:20-cv-0800 TLn AC P, 2020 WL 4349853 (E.D. Cal. July 29, 2020), findings and recommendations adopted by, 2020 WL 5943678 (E.D. Cal. Oct. 7, 2020); Driver v. Harber-Pickens, No. 1:19-cv-01775 DAD EPG, 2020 WL 104493 (E.D. Cal. Jan. 9, 2020) findings and recommendations adopted by, 2020 WL 1865659 (E.D. Cal. Apr. 14, 2020); Driver v. Mora, No. CV 13-5770 BRO, 2014 WL 12966003 (C.D. Cal. Aug. 18, 2014), findings and recommendations adopted by 2015 WL 13915004 (C.D. Cal. Jan. 20, 2015).

The court takes judicial notice of those cases and plaintiff's prior filings described therein. MCIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986) (A court may take judicial notice of its own records and the records of other courts). Those cases include: (1) Driver v. Martel, No. 08-CV-1910 GEB EFB (E.D. Cal. Sept. 15, 2009 (dismissed September 16, 2009, for failure to state a claim), aff'd, Driver v. Martel, 395 F. App'x 392 (9th Cir. 2010), cert. denied, 563 U.S. 909 (2011); (2) Driver v. Kelso, No. 2:11-cv-2397 EFB P (E.D. Cal. Aug. 9, 2012) (dismissed September 12, 2012, for failure to file an amended complaint after prior complaint was dismissed for failure to state a claim), aff'd, 514 F. App'x 662 (9th Cir. 2013); (3) Driver v. Zamora, No. 2:14-cv-02170 BRO AGR (C.D. Cal. (dismissed for failure to file an amended complaint after prior complaint was dismissed for failure to state a claim); aff'd, 621 F. App'x 421 (9th Cir. 2015); (4) Driver v. Epp, No. 2:12-cv-00589 EFB (E.D. Cal.) (dismissed September 5, 2012) for failure to state a claim); (5) Driver v. U.S. Special Master, No. 1:17-cv-0202 DAD BAM P (E.D. Cal. 2018) (dismissed Jan. 5, 2018, for failure to pay the filing fee after being declared a three-strike litigant and for failure to obey a court order).  These strikes all occurred prior to plaintiff's initiation of the present action on September 18, 2022.  (ECF No. at 6.)

**III.    Does Plaintiff Meet the Imminent Danger Exception**

Because plaintiff has accrued three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some other later time. See Andrews, 493 F.3d at

3

1053.  "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11.  Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.  To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff alleges officer Pohovich used excessive force against him after plaintiff expressed concerns about his housing status.  (ECF No. 1 at 4.)  He further alleges that officer Chavez used excessive force against him after plaintiff refused to return to his cell after receiving a cellmate who plaintiff identified as an "HIV infected transgender inmate."  (Id. at 5.)

Plaintiff alleges the excessive force incidents occurred on July 19, 2022 and July 28, 2022, respectively.  (ECF No. 1 at 4-6.)  Plaintiff filed the instant complaint approximately two months later on, September 18, 2022.  (ECF No. 1 at 6.)  There is nothing in the complaint that would indicate plaintiff was under threat of imminent danger based on the excessive force incidents at the time he filed the complaint. See e.g., Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) ("In short, because [plaintiff] has properly alleged an ongoing danger, and because his complaint was filed very shortly after the last attack, we conclude that [plaintiff] meets the imminent danger exception in § 1915(g)."); see also Taylor v. Carter, No. 1:13-cv-01155 SAB (PC), 2014 WL 11774844, at *1 (E.D. Cal. May 5, 2014) (finding plaintiff's allegations of "excessive force, retaliation, and due process allegations arising from his placement and retention in administrative segregation" failed to show plaintiff was in imminent danger at the time the complaint was filed); Cruz v. Chappuis, No. 1:19-cv-01016 SAB (PC), 2019 WL 7040942, at *1 (E.D. Cal. Aug. 14, 2019) (allegations that plaintiff was subjected to excessive force which took place over ten months prior to filing the complaint failed to meet imminent danger exception).  Accordingly, the

////

undersigned finds that plaintiff does not meet the imminent danger exception described in § 1915(g) and should only be allowed to proceed with this action if he pays the filing fee.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for ADR (ECF No. 6) is denied without prejudice; and

2. The Clerk of Court is directed to randomly assign this action to a District Judge.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied;

2. The court find plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action; and

3. The court order plaintiff to pay the $402 filing fee in order to proceed with this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 31, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/driv1672.3strikes+ADR